```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ALBERTO CARRASCO, et al.,               :
                     Plaintiff,         :
                                        :    11 Civ. 7843 (DLC)
          -v-                           :
                                        :        OPINION & ORDER
WEST VILLAGE RITZ CORPORATION d/b/a     :
RITZ ASIA, BANCHA TRUGNIPODIA & KANDA   :
BACHERBAN                               :
                     Defendants.        :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On May 14, 2012, the Court entered a default in favor of the plaintiffs Albert Carrasco ("Carrasco") and Silvano Ansurez ("Ansurez"), and referred the matter to Magistrate Judge Andrew J. Peck for an inquest and Report and Recommendation as to damages ("Report"). On July 11, 2012, Judge Peck issued his Report. There were no objections to the Report filed by any party. For the following reasons, the Report's recommendations are adopted and a default judgment is entered against defendants West Village Ritz Corporation (d/b/a Ritz Asia), Bancha Trugnipodia, and Kanda Bancheraban.

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  King v. Greiner, No. 02 Civ. 5810(DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)(citation omitted).

The plaintiffs filed their complaint ("Complaint") on November 3, 2011.  The Complaint asserts claims for unpaid minimum and overtime wages and unpaid spread of hours wages pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 et seq., and the New York State Minimum Wage Act.  The Complaint also seeks liquidated damages, prejudgment interest, and costs and attorneys' fees.

The Report makes the following recommendations as to damages to be recovered by plaintiffs' claims.  First, the Report correctly applies the rule approving the holding of an inquest by affidavit without an in-person hearing when the Court has "ensured there was a basis for the damages specified in the default judgment."  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)(citation omitted).  The Report also correctly accepts Carrasco's and Ansurez's estimates of hours worked in their affidavits of April 27, 2012 absent rebuttal by the defendants.  See, e.g., Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-688 (1946).

Second, the Report correctly recommends that Carrasco and Ansurez be awarded 100% liquidated damages under the FLSA.  See 29 U.S.C. §§ 216(b), 255(a).  The FLSA has a three-year statute of limitations for willful violations following the filing of the complaint.  29 U.S.C. § 255(a).  Since the plaintiffs filed their Complaint on November 3, 2011, their respective start dates of February 1, 2009 and May 1, 2010 fall within the appropriate time period.  Moreover, since defendants have failed to respond, the Complaint's allegations of willful violations are accepted as true.  Plaintiffs, in their brief, also request liquidated damages under the New York Labor Law.  This Court has previously held that plaintiffs may obtain liquidated damages under both the FLSA and the New York Labor Law for the same claims.  See McLean v. Garage Mgmt. Corp., 10 Civ. 3950 (DLC), 2012 WL 1358739, at *10 (S.D.N.Y. Apr. 19, 2012).  The calculations chart attached to plaintiffs' application for default judgment, however, only sought liquidated damages under the FLSA.  Pursuant to Fed. R. Civ. P. 54(c), "judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."  Thus, the Report properly excluded liquidated damages under the New York Labor law.  The Court adopts the Report's calculation of $24,433.50 for Carrasco and $12,477.50 for Ansurez in liquidated damages

with respect to their claims for unpaid minimum and overtime wages.

Third, the Report correctly recommends that Carrasco and Ansurez be awarded damages under New York's spread-of-hours provision.  Under this provision, an "employee shall receive one hour's pay at the basic minimum hourly rate, in addition to the minimum wage required by [New York's minimum wage law], for any day in which . . . the spread of hours exceeds 10 hours."  N.Y. Comp. Codes R. Regs. Tit. 12 § 142-2.4.  On those days in which Carrasco's and Ansurez's spread of hours exceeded 10 hours, they both earned less than the minimum wage required by New York's minimum wage law.  Carrasco and Ansurez are thus entitled to spread-of-hours pay.  The Court accepts the Report's recommendation of an award of $4,471.00 to Carrasco and $1,522.50 to Ansurez for unpaid spread-of-hours compensation.

Fourth, a plaintiff is also entitled to liquidated damages equaling twenty-five percent of the total spread-of-hours compensation under state law if the violation is "willful."  N.Y. Labor Law §§ 198(1-a), 663(1).  As discussed previously, the Court accepts Complaint's allegations that the defendants' violations were willful.  Consequently, the Report correctly awards $1,185.25 to Carrasco and $380.63 to Ansurez in liquidated damages for the spread-of-hours wages owed.

Fifth, the Report addresses the issue of prejudgment interest.  Prejudgment interest may not be awarded in addition to liquidated damages for violations of FLSA.  <u>Brock v. Superior Care, Inc.</u>, 840 F.2d 1045, 1064 (2d Cir. 1988).  But prejudgment interest and liquidated damages may both be awarded for violations of the New York Labor Law because "[p]re-judgment interest and liquidated damages under the Labor Law are not functional equivalents."  <u>Reilly v. Natwest Narkets Groups, Inc.</u>, 181 F.3d 253, 265 (2d Cir. 1999).  The purpose of prejudgment interest under FLSA is "to compensate a plaintiff for the loss of use of money."  <u>Id.</u>  By contrast, "liquidated damages under the Labor Law constitute a penalty."  <u>Id.</u> (citation omitted).  Carrasco and Ansurez are thus entitled to prejudgment interest for their spread-of-hours claims under New York Law.  Sections 5001 and 5004 of New York's Civil Practice Law and Rules provide for a prejudgment interest rate of nine percent, calculated "[w]here such damages were incurred at various times, . . . from the date it was incurred or upon all of the damages from a single reasonable intermediate date."  N.Y. CPLR §§ 5001(b), 5004.  Prejudgment interest is thus calculated from the midpoint of plaintiffs' employment at Ritz Asia up to and including the date of Judge Peck's Report.  The Court agrees with the Report's recommended midpoint dates of

5

April 2, 2010 for Carrasco and August 31, 2010 for Ansurez, and the respective awards of $971.45 and $259.92 in interest.

Under the FLSA and New York Labor Law, Carrasco and Ansurez are entitled to "reasonable" attorneys' fees and costs.  29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1).  Taking notice of the court's own filing fee, the Report correctly awards $350 to the plaintiffs.  Carrasco and Ansurez also request compensation for the $75 service charge for each defendant.  Because the only documentation of these fees provided by plaintiffs was a single affidavit reflecting payment of $40, however, the plaintiffs will only be reimbursed for the $40 amount.

Additionally, the plaintiffs' memorandum of law seeks recompense for $9,490 in attorneys' fees.  The Report adjusts Mr. Faillace's and Mr. Rivero's hourly rates and certain billing entries, ultimately awarding $3,525.00 in attorneys' fees.  There has been no objection to this adjustment, and it is adopted.

## CONCLUSION

Finding no clear error in Magistrate Judge Peck's Report, the Report is adopted.  The Clerk of Court shall enter judgment

jointly and severally against the defendants for $86,797.75. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         September 4, 2012

                                    _____
                                            DENISE COTE
                                    United States District Judge